Dennis A. Cammarano, Esq.--037242
CAMMARANO LAW GROUP
Attorney for Plaintiffs,
Target Corporation and Starr Indemnity
& Liability Company
555 E. Ocean Blvd., Ste. 501
Long Beach, CA 90802
Tel: 562.495.9501
Fax: 562.495.3674
Email: dcammarano@camlegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TARGET CORPORATION; STARR INDEMNITY & LIABILITY COMPANY, | IN ADMIRALTY |
| | CIVIL ACTION NO. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | |
| | 1. **NON-DELIVERY OF CARGO;** |
| A.P. MOELLER-MAERSK A/S; MAERSK LINE A/S; MAERSK LINE LIMITED; MAERSK INC.; COSTAMARE INC.; ALFORD SHIPPING CO.; and DOES 1 through 10, inclusive, | 2. **NEGLIGENCE/WILFUL MISCONDUCT** |
| | 3. **BREACH OF CONTRACT** |
| | 4. **BREACH OF WARRANTY** |
| | 5. **BREACH OF BAILMENT** |
| Defendants | |

COMES NOW, Plaintiffs, TARGET CORPORATION and STARR INDEMNITY & LIABILITY COMPANY , for causes of action against A.P. MOELLER-MAERSK A/S; MAERSK LINE A/S; MAERSK LINE LIMITED; MAERSK INC.; COSTAMARE INC.; ALFORD SHIPPING CO; and Does 1 through 10, inclusive, ("Defendants"), allege as follows:

## JURISDICTIONAL ALLEGATIONS

1. This action involves admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this court's admiralty and maritime jurisdiction. As well, this court has jurisdiction as a Federal Question under 28 U.S.C. § 1331, in that the dispute arises under federal law, namely, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 <u>et. seq.</u>

2. Venue is proper in this judicial district as the Cargo moved under sea waybills that specify this court in this judicial district as the designated forum for resolution of disputes.

## THE PARTIES

3. Plaintiff TARGET CORPORATION ("TARGET") is a retail corporation organized and existing under the laws of the State of Minnesota, with an office and place of business at 1000 Nicolett Mall, Minneapolis, Minnesota 55403. TARGET CORPORATION was the owner of the below-described cargo.

4. STARR INDEMNITY & LIABILITY COMPANY ("STARR") is an insurance company organized under the laws of the State of Texas, with an office and place of business c/o Starr Adjustment Services, Inc., 399 Park Ave., 2nd Floor, New York, New York 10022. STARR insured the below-described cargo and its owner, TARGET, against the risk of loss and damage. Having paid a portion of the

loss and damage, STARR is the partially subrogated insurer of TARGET.

5. Defendants, A.P. MOELLER-MAERSK A/S; MAERSK LINE A/S; MAERSK LINE LIMITED and MAERSK INC. ("MAERSK") are corporations doing business in this judicial district as a vessel operating ocean common carrier and with an office and place of business at c/o A.P. MOELLER - MAERSK A/S d/b/a MAERSK LINE, 180 Park Avenue, Building 105, Florham Park, NJ 07932.

6. Defendant COSTAMARE INC. is a corporation doing business in this judicial district as a vessel owner and operator of the below-described vessel with an office and place of business at 7 rue du Gabian, Monaco 09 MC 98000.

7. Defendant ALFORD SHIPPING CO. is a corporation doing business in Monrovia, Liberia as the owner of the below described vessel which carried, lost and damaged the below-described cargo with an office and place of business at c/o The LISCR Trust Company, 80 Broad Street, Monrovia, Liberia and/or c/o V.Ships Greece Ltd., 3, Agiou Dionysiou Street, 185 45 Piraeus, Greece.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants designated herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs who therefore sues said Defendants by such fictitious names.

9. Plaintiffs are informed and believe, and thereon alleges, that each of Defendants designated herein as a DOE 1 through 10, inclusive, is, in some

manner, legally responsible for the events and happenings herein referred to, and when the names and capacities of said Defendants are ascertained, Plaintiffs will seek leave of Court to amend this Complaint to reflect their true names and capacities.

## FIRST CAUSE OF ACTION

### (Non-Delivery of Cargo/Damage to Cargo)

10. Plaintiffs incorporate by reference Paragraphs 1 through 8, inclusive, of this Complaint as fully set forth herein.

11. On or about March 13, 2022, Defendants, and each of them, accepted shipments of party decor, home decor, home electronics, and children's toys, to be carried from Yantian, China to Seattle, Washington via the DYROS Voyage No. 209N in the same good order and condition as when received in containers INKU2295520, MRKU356479, MSKU9975918, PONU8066653, MRSU3401174, MRSU5357975, PONU7847950, MRSU4926589 carried under MAERSK waybill numbers TAR137401, TAR137398, TAR137381, MAEU292613956, MAEU21800895, MAEU292478318. The Cargo in the foregoing containers were damaged during delivery. The foregoing Cargo is hereafter referred to as "Cargo 1."

12. On or about March 13, 2022, Defendants, and each of them, accepted shipments of household electronics, bedding, children's toys, apparel, and home

decor, to be carried from Shanghai, China to Seattle, Washington via the DYROS Voyage No. 209N in the same good order and condition as when received in containers TCNU1448799, HASU4511108, TRHU7445471, HASU4675930, MRKU5813012, MSKU0603170, MRSU4322249, TCLU8456633, MRSU5487290, SUDU8992051, TCNU6476854, BMOU4155105, MRSU6128295, MSKU9617128, MRSU4115730, MSKU0187710, SUDU6949170, SUDU8987800, TCKU6692313, and carried under MAERSK waybill numbers TAR137415, TAR137419, TAR137398, TAR137227, TAR137228, TAR137229, TAR137465, TAR137378, MAEU292613941, MAEU292613972, MAEU292613970, MAEU292613975, MAEU292613985, MAEU292613933, and MAEU292613977 the Cargo in the foregoing containers were never delivered. The foregoing Cargo is hereafter referred to as "Cargo 2" (Cargo 1 and Cargo 2 are collectively hereafter referred to as "Cargo").

13.     Defendants, and each of them, failed and neglected to carry, handle, monitor and deliver the Cargo and otherwise maintain its good order and condition.

14.     By reason of the foregoing, Plaintiff has been damaged in the sum of $676,258.83, plus survey, miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

\\\

## SECOND CAUSE OF ACTION

### (Negligence/Willful Misconduct/Unseaworthiness)

15. Plaintiffs refers to Paragraphs 1 through 14, inclusive of this Complaint and incorporates them herein, as though fully set forth.

16. Defendants assumed a duty of safe passage of the Cargo from Yantian, China to Seattle, Washington.

17. Instead, Cargo 1 was delivered damaged and Cargo 2 was not delivered in Seattle as was the case in Yantian and Shanghai.

18. The loss and damage to the Cargo was directly and proximately caused by the negligence, carelessness, and willful misconduct of Defendants, and each of them, and employment of a vessel (DYROS) that was not seaworthy.

19. As a direct and proximate result of such conduct, Plaintiffs have been damaged in the sum of $676,258.83, plus survey, miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## THIRD CAUSE OF ACTION

### (Breach of Contract)

20. Plaintiffs refers to Paragraphs 1 through 19, inclusive of this Complaint and incorporates them herein, as though fully set forth,

21. On or about January 1, 2021, Defendants agreed to safely handle, store, count, transport and deliver the Cargo for TARGET in the same good order

and condition as when received.

22. On or about March 10, 2022, Defendant, ALFORD SHIPPING CO accepted MAERSK's shipment of Cargo 1.

23. On or about March 10, 2022, Defendant, ALFORD SHIPPING CO accepted MAERSK's shipment of Cargo 2.

24. Defendants, and each of them, materially and substantially breached and deviated from their agreements by failing to deliver the Cargo in the same good order and condition as when received.

25. As a direct and proximate result of the material breach of, and deviation from, the agreement by Defendants, Plaintiffs have been damaged in the sum of $676,258.83, plus survey, miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

## FOURTH CAUSE OF ACTION

### (Breach of Bailment)

26. Plaintiffs refers to Paragraphs 1 through 25, inclusive of the Complaint and incorporates them herein, as though fully set forth.

27. The loss of and damage to the Cargo was directly and proximately caused by the acts and omissions of Defendants, and each of them, in violation of their statutory and common law duties and obligations as bailees to safely care for the Cargo.

28. As a direct and proximate result of Defendants' breach of warranty, Plaintiff has been damaged in the sum of $676,258.83, plus survey, miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## FIFTH CAUSE OF ACTION

### (Breach of Warranty)

29. Plaintiff refers to paragraphs 1 through 28, inclusive, of the Complaint and incorporates them herein as though fully set forth.

30. In loading, stowing and unloading the containers housing the Cargo from the vessel, Defendants warranted that they would perform the services in a workmanlike manner using the proper equipment and personnel.

31. Instead, Defendants utilized a deficient vessel and thus improperly loaded, secured, and handled the containerized Cargo, breaching their maritime warranty.

32. As a direct and proximate result of Defendants' breach of warranty, Plaintiffs have been damaged in the sum of $676,258.83, plus survey, miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.	For general damages in the sum of $676,258.83, plus survey, miscellaneous expenses, interest, and costs;

2.	For pre-judgment interest from April 6, 2022, at the rate of 5% or such other rate as allowable by the court;

3.	For post-judgment interest at the maximum allowable rate;

4.	For costs of suit herein; and,

5.	For such other and further relief as this court deems just and proper.

Dated: March 28, 2025					CAMMARANO LAW GROUP


By: */S/Dennis A. Cammarano*
Dennis A. Cammarano
555 East Ocean Blvd., Suite 501
Long Beach, California 90802
Telephone: (562) 495-9501
Facsimile: (562) 495-3674
E-mail: dcammarano@camlegal.com
Attorney for Plaintiff,
TARGET CORPORATION; and
STARR INDEMNITY & LIABILITY COMPANY